LAFAYETTE ELMER, complainant-appellee,

*v.*

JACOB B. LOCK and MATTIE LOCK, defendants-appellants.

[Submitted May term, 1932. Decided October 17th, 1932.]

*Mr. LeRoy W. Loder,* for the defendants-appellants.

*Mr. Russell S. Henderson,* for the complainant-appellee.

The opinion of the court was delivered by

BODINE, J.

The complainant, a man past eighty-six years of age, sought to recover from his son-in-law a house and lot in Bridgeton, which he had purchased in 1884, and in which he and his wife had resided for the best part of fifty years, bringing up a family of six children. He never owned any other property so far as the record discloses.

It appears that the complainant, a man of no business experience, had some trouble in raising money to satisfy an existing encumbrance which had been called for payment. A conveyance of the property was made to the defendant without consideration and without independent advice. A mortgage was procured. The complainant, for many years thereafter, continued to reside in the house, made and paid for necessary repairs, and also paid the interest on the mortgage and taxes. Complainant testified that the conveyance to his son-in-law was made with the understanding that when he paid him the money which the latter had advanced—about a hundred dollars—and his expenses incident to the transaction, that the property would be reconveyed to him. The deed contained no such provision. Some interest also appears to have been paid to the son-in-law. In 1922, the defendant and his wife moved into the premises occupied by the complainant, and resided there until the death of complainant's wife a few years ago  Differences afterward arose, and the complainant was excluded from his home.

The weight of evidence supports the vice-chancellor's conclusions that the conveyance to the son-in-law was merely by way of security for the advancement of part of the money necessary to the liquidation of the existing mortgage. The age and inexperience of the complainant, the value of the

property and the smallness of the loan, the payment of interest and taxes over a long period of years, coupled with the fact that the premises in question were the only thing of value the complainant owned and were occupied by him for upwards of fifty years as a home for himself and his family, demonstrate the truth of complainant's assertion that the conveyance was intended to be a mortgage, and entitle him to a reconveyance upon the satisfaction of whatever claim the defendant may have for advances of either credit or money.

"Where conveyances, absolute on their face, were, in fact, made to the complainant as security for moneys loaned, and the lands embraced therein were to be reconveyed to the grantor upon the payment of the debts for the securing of which the conveyances were made, held, that the conveyances were in legal effect mortgages." *Henn* v. *Hendricks, Receiver, &c., 104 N. J. Eq. 166.*

"It is an established doctrine that a court of equity will treat a deed, absolute in form, as a mortgage, when it is executed as security for a loan of money. That court looks beyond the terms of the instrument to the real transaction; and when that is shown to be one of security, and not of sale, it will give effect to the actual contract of the parties. As the equity, upon which the court acts in such cases, arises from the real character of the transaction, any evidence, written or oral, tending to show this is admissible. The rule which excludes parol testimony to contradict or vary a written instrument has reference to the language used by the parties. That cannot be qualified or varied from its natural import, but must speak for itself. The rule does not forbid an inquiry into the object of the parties in executing and receiving the instrument. Thus, it may be shown that a deed was made to defraud creditors, or to give a preference, or to secure a loan, or for any other object and apparent on its face. The object of parties in such cases will be considered by a court of equity: it constitutes a ground for the exercise of its jurisdiction, which will always be asserted to prevent fraud or oppression, and to promote justice." *Peugh* v. *Davis, 96 U. S. 332.*

"It is generally considered that parol evidence is admissible where it is offered, not for the purpose of varying the terms of a written contract, but for the purpose of explaining and showing the true nature and character of the transaction evidenced thereby, especially where it is plain that the language used, taken in its literal sense, does not exhibit the real transaction, or where the writing is assailed on the ground of fraud. Applications of this principle are to be found in those cases where evidence has been admitted to show that, although a writing evidences upon its face an absolute transfer of property or an absolute promise to pay money, the real transaction consisted merely in the giving of security or indemnity, or that the grantee in a written instrument, such as a deed, assignment, bill of sale, or the like, which on its face passes the title to property, took the title subject to a trust." *22 Corp. Jur. 1259.*

"To constitute a mortgage, the conveyance must be originally intended between the parties as a security for money or as an encumbrance merely. *2 Storey Eq. Jur.* § *1013; 4 Kent Com. 142.* Parol evidence is admissible in equity to show that it was intended as a mortgage." *Lokerson* v. *Stillwell, 13 N. J. Eq. 357.* See, also, *National Newark and Essex Banking Co.* v. *Work, 108 N. J. Eq. 76.*

"The right of a court of equity to declare a deed or bill of sale, which is absolute on its face, to be a mortgage, is clear, as is also the competency of parol evidence to prove the fact. The question turns upon the actual intention of the parties at the time of the transaction. If that intention was that the instrument should constitute security for the payment of money or the performance or non-performance of any other act, then it is deemed a mortgage." *Papsco* v. *Novak, 94 N. J. Eq. 642; affirmed, 123 Atl. Rep. 926.*

"A voluntary conveyance by an illiterate man, unaccustomed to business transactions, of substantially all his property, in making which he did not have the benefit of independent, competent and disinterested counsel, to make him fully understand, realize and appreciate the full practical effect and consequence of the deed during his lifetime, though

he was told generally that it conveyed the property, and which contains no provisions to effect the understanding of the parties that he was to retain the use and benefit of the property during his life, will be set aside." *White* v. *White, 60 N. J. Eq. 104.*

"The grantor, in the case at bar, was ignorant of our language; the deed conveyed all he had and was absolute and unconditional, and contained no provision for revocation or revision; he had no advice from anyone, and certainly had no understanding, in the proper sense of that word, as to what the effect of the conveyance was, and certainly there was no intention on his part to absolutely lose his rights in the property." *Fretz* v. *Roth, 68 N. J. Eq. 516, 528.* See, also, the cases there cited in support of the proposition.

The decree will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.